United States District Court
Southern District of Texas
**ENTERED**
February 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEWELL THOMAS, | § | |
| Plaintiff, | § § § | |
| V. | § § | CIVIL ACTION NO. 2:22-CV-00158 |
| GREGORY SAMUEL, *et al.*, | § § § | |
| Defendants. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 12). The M&R recommends that the Court **DISMISS with prejudice** the following claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous and for failure to state a claim upon which relief can be granted: (1) Plaintiff's Eighth Amendment deliberate indifference claims brought pursuant to 42 U.S.C. § 1983; (2) Plaintiff's American with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claims against Defendants in their official and individual capacities; and (3) Plaintiff's ADA and RA claims for intentional discrimination. (D.E. 12, p. 1). The M&R further recommends that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g). *Id.* at 1–2. Also pending before the Court is Plaintiff's motion to amend his complaint. (D.E. 14); *see also* (D.E. 18) (Plaintiff's proposed amended complaint).

### I. The Court Adopts the M&R

The parties were provided proper notice of, and the opportunity to object to, the Magistrate Judge's M&R. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); General Order No. 2002-13. No objection has been filed. When no timely objection has been filed, the district court need only

determine whether the Magistrate Judge's M&R is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); *Powell v. Litton Loan Servicing, LP*, No. CIV. A. H-14-2700, 2015 WL 3823141, at *1 (S.D. Tex. June 18, 2015) (Harmon, J.). Having carefully reviewed the proposed findings and conclusions of the Magistrate Judge, the filings of the parties, the record, and the applicable law, and finding that the M&R is not clearly erroneous or contrary to law, the Court adopts the M&R in its entirety. (D.E. 12). As such, the Court **DISMISSES with prejudice** Plaintiff's claims. (D.E. 1).

## II. Motion for Leave to Amend

After the M&R was filed, Plaintiff filed a motion to amend his complaint. (D.E. 14). Although the Court had not yet ruled on his D.E. 14 motion, Plaintiff later filed his first amended complaint. (D.E. 18). The Court now considers Plaintiff's D.E. 14 motion and the D.E. 18 amended complaint, which the Court treats as proposed.

"[A] plaintiff generally should be granted leave to amend his complaint prior to dismissal." *Marshall v. Menchaca*, No. 2:18-CV-44, 2018 WL 3100755, at *2 (S.D. Tex. June 25, 2018) (Ellington, Mag. J.) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) ("[A] *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.")). Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Determining when justice requires permission to amend rests within the discretion of the trial court. *Marshall*, 2018 WL 3100755, at *2 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). A court may deny a motion to amend when amendment would be futile. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment would be futile if the proposed amended complaint "fail[s] to state

a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

### A. Eighth Amendment Claims

With respect to Plaintiff's claims brought pursuant to § 1983 for Eighth Amendment violations, the M&R concluded that Plaintiff's claims must be dismissed because Plaintiff had not plausibly alleged that Defendants Samuel, Reyes and Cavasco, Kwarteng, and Sanchez were deliberately indifferent to Plaintiff's serious medical needs. (D.E. 12, p. 12–23). After reviewing Plaintiff's amended complaint, the Court finds that amendment would be futile with respect to Plaintiff's Eighth Amendment claims against these defendants.[1]

Regarding Defendant Samuel, the M&R concluded that Plaintiff could not show deliberate indifference because there was no allegation that Defendant Samuel actually knew about Plaintiff's special footwear prescription, *id.* at 16, and because there was no allegation that Plaintiff's "physical condition presented such an obvious risk that any reasonable person would recognize that keeping the boot was unmistakably necessary[,] . . . [a]lthough Plaintiff's leg condition might be apparent to those who see it," *id.* at 17. The amended complaint does not change this conclusion. Although Plaintiff now alleges that Defendant Samuel reviewed Plaintiff's chart, which contained the prescription, (D.E. 18, p. 2), there is still no allegation that Defendant Samuel had actual knowledge of the prescription. Likewise, although Plaintiff now alleges that his physical condition presented an "obvious risk" due to how he walked, *id.* at 3, the M&R considered Plaintiff's apparent leg condition, *see* (D.E. 12, p. 17), and there is no additional allegation—besides conclusory statements—that the need for special footwear was unmistakably necessary.

---

[1] Plaintiff's proposed amended complaint does not include any § 1983 claims against Defendants Reyes, Cavasco, or Sanchez.

Regarding Defendant Kwarteng, the M&R concluded that Plaintiff could not show "any pattern of unconstitutional conduct indicating that Dr. Kwarteng acted with deliberate indifference in his supervisory capacity" because Plaintiff identifies no other incident besides his own. *Id.* at 20–21. The amended complaint does not change this conclusion; there is still no allegation of a pattern of unconstitutional conduct, nor does Plaintiff provide more than conclusory allegations about his own incident. *See* (D.E. 18, p. 3–4).

### B. ADA and RA Claims

Plaintiff brought ADA and RA claims against each defendant in his or her individual and official capacity, excepting Dr. Lanette Lithicum, who Plaintiff only sues in her official capacity. *See* (D.E. 12, p. 23). The M&R concluded that Plaintiff could not bring ADA or RA claims against any of the defendants in their individual capacities. *Id.* at 25. It also concluded that Plaintiff's ADA and RA claims against defendants in their official capacities failed because Plaintiff "fail[ed] to explain how any disability created any limitation or impairment to access TDCJ services." *Id.* at 28 (emphasis omitted). Additionally, "he never informed prison officials of any limitation or impairment caused by any disability." *Id.* (emphasis omitted). In sum, "Plaintiff's allegations [were] merely a disagreement with his medical treatment." *Id.* at 32 (emphasis omitted). After reviewing Plaintiff's amended complaint, the Court finds that amendment would be futile with respect to Plaintiff's ADA and RA claims against Defendants Samuel, Kwarteng, and Linthicum.[2]

Plaintiff's amended complaint alleges that Defendant Samuel's denial of special footwear prevented Plaintiff from accessing medical services, the law library, and dining facilities. (D.E. 18, p. 3–4). Plaintiff alleges that he reported his pain. *Id.* Plaintiff alleges Defendants Kwarteng and Linthicum are liable for the denial under the theory of respondeat superior. *Id.* at 6. As the

---

[2] Plaintiff's proposed amended complaint does not include any ADA or RA claims against Defendants Reyes, Cavasco, Sanchez, or Collier.

M&R stated, while these allegations might demonstrate that defendants or other officials at TDCJ had knowledge of Plaintiff's disability, "there is no indication that Plaintiff ever notified any prison official of any such limitations prior to filing this lawsuit." (D.E. 12, p. 29–31). Thus, Plaintiff still fails to allege that any limitation and necessary reasonable accommodation were open, obvious, and apparent. *See id.* at 32. Plaintiff's allegations still "simply state a disagreement with his medical treatment." *See id.* at 33.

For these reasons, the Court finds that amendment would be futile. *See Stripling*, 234 F.3d at 873. As such, the Court **DENIES** Plaintiff's motion for leave to amend his complaint. (D.E. 14).

### III. Conclusion

For the reasons stated herein:

(1) The Court **ADOPTS** the M&R in its entirety. (D.E. 12).

(2) The Court **DISMISSES with prejudice** Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous and for failure to state a claim upon which relief can be granted. (D.E. 1).

(3) The Court **DENIES** Plaintiff's motion for leave to amend his complaint. (D.E. 14). Accordingly, the Clerk of Court is **INSTRUCTED** to **STRIKE** Plaintiff's amended complaint. (D.E. 18).

(4) This dismissal is counted as a strike for purposes of 28 U.S.C. § 1915(g), and the Clerk of Court is **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

A final judgment will be entered separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
February 2nd, 2023